Tina Wolfson, SBN 174806
twolfson@ahdootwolfson.com
Robert Ahdoot, SBN 172098
rahdoot@ahdootwolfson.com
Theodore W. Maya, SBN 223242
tmaya@ahdootwolfson.com
Bradley K. King, SBN 274399
bking@ahdootwolfson.com
AHDOOT & WOLFSON, PC
1016 Palm Avenue
West Hollywood, California 90069
Tel: 310-474-9111; Fax: 310-474-8585

Counsel for Plaintiff,
DEBBIE BANAFSHEHA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE BANAFSHEHA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>H. J. HEINZ COMPANY, a Pennsylvania corporation,<br><br>Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>1. **Violation of Consumer Legal Remedies Act, California Civil Code § 1750,** *et seq.***;**<br>2. **Violation of California False Advertising Law, California Business & Professions Code § 17200,** *et seq.***;**<br>3. **Violation of California Unfair Competition Law, California Business & Professions Code § 17500,** *et seq.***;**<br>4. **Breach of Express Warranty** |

Plaintiff Debbie Banafsheha, by and through her counsel, brings this Class Action Complaint against H. J. Heinz Company, on behalf of herself and all others similarly situated, and alleges, upon personal knowledge as to her own actions and her counsel's investigations, and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1. This is a consumer protection and false advertising class action. Defendant H. J. Heinz Company ("Heinz" or "Defendant") markets, advertises, and distributes Heinz Distilled White Vinegar (hereinafter, the "Products"), which it prominently advertises as "all natural." The Products are not natural at all because they are made with genetically modified crops. A genetically modified ("GM") crop, such as the corn from which the Products are derived, is a crop whose genetic material has been altered by humans using genetic engineering techniques. The World Health Organization defines GM organisms (which include crops) as "organisms in which the genetic material (DNA) has been altered in a way that does not occur naturally." GM crops are not natural, but man-made. There are wide-ranging controversies related to GM crops, including health risks from ingesting GM foods and negative environmental effects associated with growing GM crops. The use and labeling of GM foods is the subject of a variety of laws, regulations, and protocols worldwide.

2. Although the Products are not "all natural," or natural at all, Defendant prominently labels every bottle of the Products sold in the United States as "all natural." Defendant does this because consumers perceive all natural foods as better, healthier, and more wholesome. In fact, the market for all natural foods has grown rapidly in recent years, a trend for which Defendant seeks to take advantage through false advertising.

3. Plaintiff brings claims against Defendant individually and on behalf of a class of all other similarly situated purchasers of the Products for violations of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"),

1

CLASS ACTION COMPLAINT

California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17500, *et seq*. ("FAL"), and for breach of express warranties. Plaintiff seeks an order requiring Defendant to, among other things: (1) cease the unlawful marketing; (2) conduct a corrective advertising campaign; and (3) pay damages and restitution to Plaintiff and Class members in the amounts paid to purchase the products at issue.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because the proposed class has more than 100 members, the class contains at least one member of diverse citizenship from Defendant, and the amount in controversy exceeds $5 million.

5. The Court has personal jurisdiction over Defendant because Defendant is authorized to, and conducts substantial business in California, generally, and this District, specifically. Defendant has marketed, promoted, distributed, and sold the Products in California.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to this action occurred in this District as Defendant distributes the Product for sale within this District.

## PARTIES

7. Plaintiff Debbie Banafsheha is a resident of Los Angeles, California. Ms. Banafsheha has purchased the Products in Los Angeles, California on a number of occasions within the past four years in reliance on Defendant's representations that the Products were "all natural." Prominently on each of the labels appeared the words "All Natural." This representation was material to Ms. Banafsheha's decision to purchase the Products. Ms. Banafsheha was willing to pay for the Products because of the representations that they were "all natural" and would not have purchased the Products, would not have paid as much for the Products, or would have purchased an alternative product in absence of the representations. As a result of purchasing a product in

1  reliance on advertising that was false, Ms. Banafsheha has suffered injury in fact and
2  lost money as a result of the unfair business practiced alleged here.
3      8.      Defendant H. J. Heinz Company is a Pennsylvania corporation with its
4  principal place of business at 57 Center, 357 6th Avenue, Pittsburgh, Pennsylvania,
5  15222.  Defendant manufactures and distributes the Product from its manufacturing
6  plant in Pennsylvania to consumers in California and throughout the United States.

## SUBSTANTIVE ALLEGATIONS

### Defendant Deceptively Labels The Product As "All Natural"

9.      Throughout the Class Period, Defendant has prominently labeled and otherwise advertised the Products as "all natural."

10.     Typically, Heinz Distilled White Vinegar is available in 16 fl. oz., 32 fl. oz., 64 fl. oz., 1 gallon, and 1.32 gallon sizes and retails from approximately $1.13 for the 16 fluid ounce size to approximately $3.83 for the 1.32 gallon size.

11.     Defendant prominently labels its Heinz Distilled White Vinegar as "all natural":





12. By consistently labeling the Products as "all natural," Defendant ensured that all consumers purchasing the Products would be exposed to its "all natural" claim.

**Food Derived From Genetically Modified Organisms Is Not Natural**

13. GM crops are not crops occurring in nature, and are not "all natural." They are genetically manipulated from their natural state. Monsanto, one of the largest producers of GM crop seed, defines GM organisms as "Plants or animals that have had their genetic makeup altered to exhibit traits that are not naturally theirs. In general, genes are taken (copied) from one organism that shows a desired trait and transferred into the genetic code of another organism." (http://www.monsanto.com/newsviews/Pages/glossary.aspx#g (last visited Feb. 19, 2014).)

14. This definition is consistent with the World Health Organization, which defines GM organisms as "organisms in which the genetic material (DNA) has been altered in a way that does not occur naturally. The technology is often called 'modern

5
CLASS ACTION COMPLAINT

biotechnology' or 'gene technology', sometimes also 'recombinant DNA technology' or 'genetic engineering'. It allows selected individual genes to be transferred from one organism into another, also between non-related species. Such methods are used to create GM plants – which are then used to grow GM food crops." (World Health Organization, 20 Questions on Genetically Modified (GM) Foods at http://www.who.int/foodsafety/publications/biotech/en/20questions_en.pdf (last visited Feb. 19, 2014).)

15. The Environmental Protection Agency has distinguished between conventional breeding of plants "through natural methods, such as cross-pollination" and genetic engineering. (United States Environmental Protection Agency, Prevention, Pesticides and Toxic Substances, Questions & Answers Biotechnology: Final Plant-Pesticide/Plant Incorporated Protectants (PIPs) Rules (Jul. 19, 2001) at http://www.epa.gov/scipoly/biotech/pubs/qanda.pdf ("Conventional breeding is a method in which genes for pesticidal traits are introduced into a plant through natural methods, such as cross-pollination. . . . Genetically engineered plant-incorporated protectants are created through a process that utilizes several different modem scientific techniques to introduce a specific pesticide-producing gene into a plant's DNA genetic material.") (emphasis of "through natural methods" added; remaining emphasis in original) (last visited Feb. 19, 2014).)

16. Romer Labs, a company that provides diagnostic services to the agricultural industry, including tests to detect and determine the existence of GM crops, defines GM crops as "[a]griculturally important plants [that] are often genetically modified by the insertion of DNA material from outside the organism into the plant's DNA sequence, allowing the plant to express novel traits that normally would not appear in nature, such as herbicide or insect resistance. Seed harvested from GMO plants will also contain these modifications." (http://www.romerlabs.com/en/knowledge/gmo/ (last visited Feb. 19, 2014).)

17. As indicated by the definitions above, which come for a wide array of

6
CLASS ACTION COMPLAINT

sources, including industry, government, and health organizations, GM crops are not "all natural," and products made from those crops, including the Products, are not "all natural."

18. Over 70% of U.S. corn crops are GM. Defendant sources its ingredients from U.S. commodity suppliers who supply GM crops. Large volume food manufacturers who wish to use non-GM ingredients must specifically source their crops, typically from Europe, or undertake the additional step and expense of purchasing and verifying the supply from non-GM growers through identity preservation programs. In most instances, manufacturers who purchase only non-GM crops for their products specifically label the products "non-GMO".

19. Defendant's "all natural" representations are false, deceptive, misleading, and unfair to consumers, who are injured in fact by purchasing products that Defendant claims are "all natural" when in fact they are not.

## CLASS ACTION ALLEGATIONS

20. Plaintiff seeks relief in her individual capacity and seeks to represent a class consisting of all others who are similarly situated. Pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and/or (b)(3), Plaintiff seeks certification of a class initially defined as follows:

> All consumers who from March 17, 2010 until the date notice is disseminated to the Class (the "Class Period") purchased Heinz Distilled White Vinegar in California.

21. Excluded from the Class are Defendant and its subsidiaries and affiliates, Defendant's executives, board members, legal counsel, the judges and all other court personnel to whom this case is assigned, their immediate families, and those who purchased the Product for the purpose of resale.

22. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or division into subclasses after they have had an opportunity to conduct discovery.

23. <u>Numerosity</u>. Fed. R. Civ. P. 23(a)(1). The Class is so numerous that joinder of all members is unfeasible and not practicable. While the precise number of Class members has not been determined at this time, Plaintiff is informed and believes that many thousands or millions of consumers have purchased the Products.

24. <u>Commonality</u>. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

   a. Whether Defendant falsely and/or misleadingly misrepresented the Products as being "All Natural";
   b. Whether Defendant's misrepresentations are likely to deceive reasonable consumers;
   c. Whether Defendant violated California Civil Code § 1750, *et seq.*;
   d. Whether Defendant violated California Business and Professions Code § 17200, *et seq.*;
   e. Whether Defendant violated California Business and Professions Code § 17500, *et seq.*;
   f. Whether Defendant breached an express warranty; and
   g. The nature of the relief, including equitable relief, to which Plaintiff and the Class members are entitled.

25. <u>Typicality</u>. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of the Class. Plaintiff and all Class members were exposed to uniform practices and sustained injury arising out of and caused by Defendant's unlawful conduct.

26. <u>Adequacy of Representation</u>. Fed. R. Civ. P. 23(a)(4). Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff's Counsel are competent and experienced in litigating class actions.

27. <u>Superiority of Class Action</u>. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this

controversy since joinder of all the members of the Class is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a class action.

28. <u>Injunctive and Declaratory Relief</u>. Fed. R. Civ. P. 23(b)(2). Defendant's misrepresentations are uniform as to all members of the Class. Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole.

## **FIRST CAUSE OF ACTION**

**(Violation of Consumer Legal Remedies Act – Civil Code § 1750, *et seq.*)**

29. Plaintiff incorporates by reference and re-alleges the preceding paragraphs.

30. Plaintiff brings this claim individually and on behalf of the Class.

31. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.* (the "CLRA") because Defendant's actions and conduct described herein constitute transactions that have resulted in the sale or lease of goods or services to consumers.

32. Plaintiff and each member of the Class are consumers as defined by California Civil Code §1761(d). Defendant intended to sell the Products.

33. The Products are goods within the meaning of Civil Code §1761(a).

34. Defendant violated the CLRA in at least the following respects:

    a. in violation of §1770(a)(2), Defendant misrepresented the source of the Products as all natural, when they were not;

    b. in violation of §1770(a)(5), Defendant represented that the Products have approval, characteristics, and uses or benefits which they do not have (because they contain ingredients that are not natural);

    c. in violation of §1770(a)(7), Defendant represented that the Products are of a particular standard, quality or grade ("all natural"), when they are of another (containing ingredients that are not natural);

   d. in violation of §1770(a)(9), Defendant has advertised the Products as "all natural" with intent not to sell them as advertised; and

   e. in violation of §1770(a)(16), Defendant represented that the Products have been supplied in accordance with previous representations ("all natural"), when they were not.

35. Defendant violated the Act by representing the Products as "all natural" when the Products were not all natural.  Defendant knew, or should have known, that the representations and advertisements were false and misleading.

36. Defendant's acts and omissions constitute unfair, deceptive, and misleading business practices in violation of Civil Code §1770(a).

37. On March 17, 2014, Plaintiff notified Defendant in writing, by certified mail, of the violations alleged herein and demanded that Defendant remedy those violations.

38. If Defendant fails to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of receipt of Plaintiff's written notice pursuant to §1782 of the California Act, Plaintiff will amend this Complaint to add claims for actual, punitive, and statutory damages pursuant to the CLRA.  Plaintiff and the Class also will seek a Court order enjoining the above-described wrongful acts and practices of Defendant and for restitution, disgorgement, statutory damages, and any other relief that the Court deems proper.

39. Defendant's conduct is malicious, fraudulent, and wanton in that Defendant intentionally and knowingly provided misleading information to the public.

**SECOND CAUSE OF ACTION**

**(California Unfair Competition Law – Cal. Bus. & Prof. Code § 17200, *et seq*.)**

40. Plaintiff incorporates by reference and re-alleges the preceding paragraphs.

41. Defendant engaged in unlawful, unfair, and/or fraudulent conduct under California Business & Professional Code § 17200, *et seq.*, by representing that the Products are "All Natural," when they are not.

10

CLASS ACTION COMPLAINT

42. Defendant's conduct is unlawful in that it violates the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*, and the False Advertising Law, California Business & Professions Code § 17500.

43. Defendant's conduct is unfair in that it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Plaintiff and Class members. The harm to Plaintiff and Class members arising from Defendant's conduct outweighs any legitimate benefit Defendant derived from the conduct. Defendant's conduct undermines and violates the stated spirit and policies underlying the Consumers Legal Remedies Act and the False Advertising Law as alleged herein.

44. Defendant's actions and practices constitute "fraudulent" business practices in violation of the UCL because, among other things, they are likely to deceive reasonable consumers. Plaintiff relied on Defendant's representations and omissions.

45. As a direct and proximate result of Defendant's violations, Plaintiff suffered injury in fact and lost money because she purchased the Products and paid the price she paid believing them to be all natural when they were not.

46. Plaintiff, on behalf of herself and Class members, seeks equitable relief in the form of an order requiring Defendant to refund Plaintiff and all Class members all monies they paid for the Product, and injunctive relief in the form of an order prohibiting Defendant from engaging in the alleged misconduct and performing a corrective advertising campaign.

### THIRD CAUSE OF ACTION

**(California False Advertising Law – Cal. Bus. & Prof. Code § 17500, *et seq.*)**

1. Plaintiff incorporates by reference and re-alleges the preceding paragraphs.

2. Defendant publicly disseminated untrue or misleading advertising or intended not to sell the Product as advertised in violation of California Business &

Professional Code § 17500, *et seq.*, by representing that the Products are "All Natural," when they are not.

3. Defendant committed such violations of the False Advertising Law with actual knowledge or in the exercise of reasonable care should have known was untrue or misleading.

4. Plaintiff reasonably relied on Defendant's representations and/or omissions made in violation of California Business & Professional Code § 17500, *et seq*.

5. As a direct and proximate result of Defendant's violations, Plaintiff suffered injury in fact and lost money because she purchased the Products and paid the price she paid believing them to be all natural when they were not.

6. Plaintiff, on behalf of herself and Class members, seeks equitable relief in the form of an order requiring Defendant to refund Plaintiff and all Class members all monies they paid for the Product, and injunctive relief in the form of an order prohibiting Defendant from engaging in the alleged misconduct and performing a corrective advertising campaign.

## FOURTH CAUSE OF ACTION
### (Breach of Express Warranty)

7. Plaintiff incorporates by reference and re-alleges the preceding paragraphs.

8. Plaintiff brings this claim individually and on behalf of the Class.

9. Plaintiff and each member of the Class formed a contract with Defendant at the time Plaintiff and the other members of the Class purchased one or more of the Product. The terms of that contract include the promises and affirmations of fact made by Defendant on the packaging of the Products, as described above. The Products' packaging constitutes express warranties, became part of the basis of the bargain, and are part of a standardized contract between Plaintiff and the members of the Class on the one hand, and Defendant on the other.

10. All conditions precedent to Defendant's liability under this contract have been performed by Plaintiff and the Class.

11. Defendant breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing the product that could provide the benefits promised, *i.e.*, that the Products were "all natural."

12. As a result of Defendant's breach of its contract, Plaintiff and the Class have been damaged in the amount of the purchase price of any and all of the Products they purchased.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class proposed in this Complaint, respectfully requests that the Court enter judgment in her favor and against Defendant, as follows:

A. Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff as Class Representative and appointing the undersigned counsel as Class Counsel;

B. Ordering Defendant to pay actual damages (and no less than the statutory minimum damages) and equitable monetary relief to Plaintiff and the other members of the Class;

C. Ordering Defendant to pay punitive damages, as allowable by law, to Plaintiff and the other members of the Class;

D. Ordering Defendant to pay statutory damages, as allowable by the statutes asserted herein, to Plaintiff and the other members of the Class;

E. Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and ordering Defendant to engage in a corrective advertising campaign;

F. Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiff and the other members of the Class;

G. Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

H. Ordering such other and further relief as may be just and proper.

# JURY DEMAND

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

Dated:  March 17, 2014

Respectfully submitted,

**AHDOOT & WOLFSON, PC**

Tina Wolfson
Robert Ahdoot
Theodore W. Maya
Bradley K. King
1016 Palm Avenue
West Hollywood, California 90069
Tel: 310-474-9111
Fax: 310-474-8585
Email: twolfson@ahdootwolfson.com
rahdoot@ahdootwolfson.com
tmaya@ahdootwolfson.com
bking@ahdootwolfson.com

Counsel for Plaintiff,
Debbie Banafsheha

# AFFIDAVIT OF TINA WOLFSON

I, Tina Wolfson, declare as follows:

1. I am an attorney with the law firm of Ahdoot & Wolfson, PC, counsel for Plaintiff Debbie Banafsheha ("Plaintiff") in this action. I am admitted to practice law in California and before this Court, and am a member in good standing of the State Bar of California. This declaration is made pursuant to California Civil Code section 1780(d). I make this declaration based on my research of public records and upon personal knowledge and, if called upon to do so, could and would testify competently thereto.

2. Based on my research and personal knowledge, Defendant H. J. Heinz Company ("Defendant") does business within the County of Los Angeles and Plaintiff purchased Defendant's Products within the County of Los Angeles, as alleged in this Class Action Complaint.

I declare under penalty of perjury under the laws of the United States and the State of California this 17th day of March 2014 in West Hollywood, California that the foregoing is true and correct.

_____
Tina Wolfson